UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES E. RILEY, JR., | Civil File No. 05-2473 (JRT/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, SHERBURNE COUNTY SHERIFF DEPARTMENT, PAT CARR, ANGELA KNUTSON, BRIAN FRANK and JOHN OLSON, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) He did not pay the filing fee required by 28 U.S.C. § 1914(a), but instead submitted the application to proceed IFP that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $40.27. However, Plaintiff did not tender this statutorily required initial partial filing fee with his complaint and IFP application. The Court therefore entered an order that directed Plaintiff to pay his initial partial filing fee of $40.27 within twenty days. That order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due. In fact, Plaintiff has not communicated with the Court at all since he filed his complaint. Therefore, in accordance with the Court's prior order in this matter, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

2

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 3, 2007

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 18, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.